IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, MARYANN SONNETT, COLLEEN CARLOCK, GAIL RICHMOND, CARALEE BRUSH, and MARY HURTADO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LaMi PRODUCTS, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiffs Donald Cikra, Maryann Sonnett, Colleen Carlock, Gail Richmond, Caralee Brush, and Mary Hurtado (collectively "Plaintiffs"), on behalf of themselves and similarly situated individuals, bring this class/collection action lawsuit against Defendant LaMi Products, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and North Carolina state law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper under 8 U.S.C. § 1391.

## PARTIES

4. Plaintiff Donald Cikra ("Cikra") is an individual residing in Wilmington, North Carolina. Between approximately October 2012 and March 2015, Cikra was employed by Defendant as a merchandiser where he would go to assigned stores and set up merchandising displays for certain products. Pursuant to 29 U.S.C. § 216(b), Cikra has consented in writing to become a Plaintiff in this action. See Exhibit A.

5. Cikra worked for Defendant primarily in North Carolina. During his employment, Cikra often worked more than 40 hours a week, but never received any overtime compensation. Defendant paid Cikra a flat hourly rate, but Cikra was not paid for time spent working outside of stores, including time spent traveling from store to store and time spent completing paperwork and packaging and mailing unsold products.

6. Plaintiff Maryann Sonnett ("Sonnett") is an individual residing in Wilmington, North Carolina. Between approximately February 2012 and July 2015, Sonnett was also employed by Defendant as a merchandiser. Pursuant to 29 U.S.C. § 216(b), Sonnett has consented in writing to become a Plaintiff in this action. See Exhibit A.

7. Sonnett worked for Defendant primarily in North Carolina. During her employment, Sonnett often worked more than 40 hours a week, but never received any overtime compensation. Defendant paid Sonnett a flat hourly rate, but Sonnett was not paid for time spent working outside of stores, including time spent traveling from store to store and time spent completing paperwork and packaging and mailing unsold products.

8. Plaintiff Colleen Carlock ("Carlock") is an individual residing in Summerville, South Carolina. Between approximately November 2011 and November 2012, Carlock was also

employed by Defendant as a merchandiser. Pursuant to 29 U.S.C. § 216(b), Carlock has consented in writing to become a Plaintiff in this action. See Exhibit A.

9. Carlock worked for Defendant in both North Carolina and South Carolina. During her employment, Carlock regularly worked more than 40 hours per week, but never received any overtime compensation. Defendant paid Carlock a flat hourly rate, but Carlock was not paid for time spent working outside of stores, including time spent traveling from store to store and time spent completing paperwork and packaging and mailing unsold products.

10. Plaintiff Gail Richmond ("Richmond") is an individual residing in Wilmington, North Carolina. Between approximately March 2014 and August 2015, Richmond was also employed by Defendant as a merchandiser. Pursuant to 29 U.S.C. § 216(b), Richmond has consented in writing to become a Plaintiff in this action. See Exhibit A.

11. Richmond worked for Defendant in North Carolina. During her employment, Richmond regularly worked more than 40 hours per week, but never received any overtime compensation. Defendant paid Richmond a flat hourly rate, but Richmond was not paid for time spent working outside of stores, including time spent traveling from store to store and time spent completing paperwork and packaging and mailing unsold products.

12. Plaintiff Caralee Brush ("Brush") is an individual residing in Jacksonville, North Carolina. Between approximately January 2015 and July 2015, Brush was also employed by Defendant as a merchandiser. Pursuant to 29 U.S.C. § 216(b), Bursh has consented in writing to become a Plaintiff in this action. See Exhibit A.

13. Plaintiff Brush worked for Defendant in North Carolina. During her employment, Brush often worked more than 40 hours per week, but never received any overtime compensation. Defendant paid Brush a flat hourly rate, but Brush was not paid for time spent

working outside of stores, including time spent traveling from store to store and time spent completing paperwork and packaging and mailing unsold products.

14.     Plaintiff Mary Hurtado ("Hurtado") is an individual residing in Granite Falls, North Carolina.  Between approximately September 2013 and the present, Hurtado was employed by Defendant as a merchandiser.  Pursuant to 29 U.S.C. § 216(b), Hurtado has consented in writing to become a Plaintiff in this action.  See Exhibit A.

15.     Plaintiff Hurtado worked for Defendant in North Carolina.  During her employment, Brush sometimes worked more than 40 hours per week, but never received any overtime compensation.  Defendant paid Hurtado a flat hourly rate, but Hurtado was not paid for time spent working outside of stores, including time spent traveling from store to store and time spent completing paperwork and packaging and mailing unsold products.

16.     Defendant is a corporate company that operates in the Commonwealth of Pennsylvania and maintains a corporate headquarters in Huntingdon Valley, Pennsylvania (Bucks ounty).  Defendant employs over 600 merchandisers nationwide to maintain product displays in over 20,000 stores throughout the country, including in Pennsylvania.

17.     Defendant employs merchandisers throughout the country, including Plaintiffs and other similarly situated individuals, but fails to pay the merchandisers for all hours worked and all wages earned, and fails to pay required minimum wage and overtime compensation.

## CLASS DEFINITIONS

18.     Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following opt-in litigants: "All merchandisers who were employed by LaMi Products, LLC in the United States during any time within the past three years" (the "FLSA Class").

19. Plaintiffs bring Count II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class: "All merchandisers who were employed by Lami Products, LLC in North Carolina during any time within the past three years" (the "North Carolina Class").

20. The FLSA Class and North Carolina Class are together referred to as the "Classes."

21. Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a motion for class certification pursuant to Fed. R. Civ. P. 23, and thereafter, as necessary.

## FACTS

22. Defendant is a merchandising company that installs, stocks, and maintains various specialized products and product displays in convenience stores, retail stores, and grocery stores throughout the country, including in North Carolina.

23. Defendant employs merchandisers, namely Plaintiffs and others similarly situated, at a flat hourly rate to install and stock the product displays at its customers' stores.

24. Defendant assigns each merchandiser a collection or region of stores that they are responsible for servicing, and the merchandisers are required to drive from store to store to install and maintain the product displays as directed by Defendant.

25. Merchandisers are required to use their own personal vehicles to travel from store to store and perform their work for Defendant. Merchandisers spend a significant amount of time traveling from store to store to perform work for Defendant during each workday while incurring expenses from using their own personal vehicles.

26. Defendant ships boxes containing products and displays to each store that its merchandisers are assigned to work. When the merchandisers arrive at each store, they are required to clear a work space, check in the product with the store personnel, then build the displays and fill them with product throughout the store. The merchandisers must also take inventory and place an order for new product as needed.

27. In addition to time spent performing working in stores and the time spent driving from store to store, Defendant requires all its merchandisers to perform additional work at home.

28. For example, the merchandisers are required to remove unsold stock from stores, and to package and mail the unsold stock back to Defendant. As a result, merchandisers are required to spend additional time at home packaging up unsold merchandise and making trips to the post office to mail the packages to Defendant.

29. Defendant also requires merchandisers to spend additional time completing paperwork related to their in-store visits and inventories each week.

30. Defendant does not pay its merchandisers by commission or piece rate. Instead, Defendant pays the merchandisers a flat hourly rate; however, Defendant decides ahead of time how long each store should take each merchandiser, and Defendant only pays merchandisers the hourly rate for the estimated time spent in store, even when the merchandiser actually required more time to complete the work.

31. Defendant has also failed to pay the merchandisers any wages for their time spent driving from store to store.

32. Defendant has also failed to pay the merchandisers any wages for their time spent packaging and mailing unsold products back to Defendant, and for time spent completing mandatory paperwork each week.

33.     Defendant also has a policy of not paying its merchandisers any overtime premium compensation for hours worked over 40 per week. Whenever Defendant's merchandisers reported working more than forty hours in a single week, Defendant would carry the hours over into the next week to avoid paying overtime premium compensation.

34.     As a result of Defendant's common wage policies and practices, Defendant has failed to pay its merchandisers for all hours worked, including for hours worked in excess of forty each week.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

35.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

36.     Plaintiffs desire to pursue their FLSA claim on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

37.     Plaintiffs and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently worked pursuant to Defendant's common business and compensation practices as described herein, and, as a result of such practices, Defendant has failed to pay all required minimum and overtime compensation required for all hours worked. Resolution of this action requires inquiry into common facts, including, *inter alia*, the common work performed by all of Defendant's merchandisers and Defendant's common compensation and payroll practices with respect to those merchandisers.

38.     Specifically, all of Defendant's merchandisers performed the same type of work and were not paid for all hours worked, and were as a result deprived of the legally mandated minimum wage for all hours worked plus time-and-a-half compensation for all hours worked in excess of forty each week.

39. The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

40. Defendant employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, interest and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 and N.C. Gen. Stat. § 95-25.22(b) on behalf of themselves and the North Carolina Class defined above.

42. The members of the North Carolina Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the North Carolina Class.

43. Plaintiffs will fairly and adequately represent and protect the interests of the North Carolina Class because there is no conflict between the claims of Plaintiffs and those of the North Carolina Class, and Plaintiffs' claims are typical of the claims of the North Carolina Class. Plaintiffs' counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

44. There are questions of law and fact common to the proposed North Carolina Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate North

Carolina statutory and common law through its policy or practice of not paying its merchandisers for all hours worked and overtime compensation.

45.     Plaintiffs' claims are typical of the claims of the North Carolina Class in the following ways, without limitation: (a) Plaintiffs are members of the North Carolina Class; (b) Plaintiffs' claims are of the same policies, practices and course of conduct that form the basis of the claims of the North Carolina Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the North Carolina Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the North Carolina Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the North Carolina Class members.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the North Carolina Class predominate over any questions affecting only individual Class Members.

47.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The North Carolina Class is readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the North Carolina Class would create the risk of inconsistent or varying

adjudications with respect to individual North Carolina Class members that would establish incompatible standards of conduct for Defendant.

48. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the North Carolina Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

49. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the North Carolina Class. Plaintiffs envision no difficulty in the management of this action as a class action.

### COUNT I – Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### (On Behalf of Plaintiffs and the FLSA Class)

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Plaintiffs and similarly situated merchandisers are employees entitled to the FLSA's protections and benefits, and Defendant is their employer under the FLSA.

52. Defendant has violated the FLSA with respect to the Plaintiffs and similarly situated merchandisers by failing to pay the minimum wage for all hours worked, 29 U.S.C. § 206, and by failing to pay an overtime premium compensation of "not less than one and one-half times" the regular rate for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

53. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT II – North Carolina's Wage and Hour Act
### (On Behalf of Plaintiffs and the North Carolina Class)

54. All previous paragraphs are incorporated as though fully set forth herein.

55. North Carolina's Wage and Hour Act ("WHA") requires an employer to pay all wages due to its employees. *See* N.C. GEN. STAT. § 95-25.6.

56. Defendant is subject to the wage requirements of the WHA because Defendant is the "employer" under N.C. GEN. STAT. § 95-25.2(5).

57. Defendant failed to pay Plaintiffs and the North Carolina Class wages for all hours worked when due on their regular payday.

58. Plaintiffs and the North Carolina Class are entitled to recover all owed wages plus interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages. *See* N.C. Gen. Stat. § 95-25.22.

59. In violating North Carolina law, Defendant acted willfully and with reckless disregard of clearly applicable WHA provisions.

### COUNT III – Unjust Enrichment/Quantum Meruit under North Carolina Law
### (On Behalf of Plaintiffs and the North Carolina Class)

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Defendant has received and benefited from the uncompensated labors of Plaintiffs and the North Carolina Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

62. At all relevant times, Defendant devised and implemented a plan to increase its earnings and profits and reduce labor costs by fostering a scheme of securing work from Plaintiffs and the North Carolina Class without paying wages for all hours worked.

63. By reason of having secured the work and efforts of Plaintiffs and the North Carolina Class without paying wages for all hours worked, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the North Carolina Class.

64. Accordingly, it would be inequitable for Defendant to retain the benefit of Plaintiffs and the North Carolina Class' services without paying them wages for all hours worked.

65. Plaintiffs and the North Carolina Class are entitled to judgment in an amount equal to the reasonable value of the services rendered by the Plaintiffs and the North Carolina Class.

66. Plaintiffs and the North Carolina Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. An order permitting this litigation to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the North Carolina Class;

c. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

d. A judgment in favor of Plaintiffs and Class Members for all penalties and liquidated damages allowed by law;

e. An award of pre-judgment and post-judgment interest to Plaintiffs and Class Members;

  f. An award of attorney's fees and costs as provided by law; and

  g. Any other relief to which the Plaintiffs and Class Members may be entitled.


Dated: November 16, 2015        Respectfully submitted,

                  /s/ Mark J. Gottesfeld
                  Peter Winebrake
                  R. Andrew Santillo
                  Mark J. Gottesfeld
                  Winebrake & Santillo, LLC
                  715 Twining Road, Suite 211
                  Dresher, PA 19025
                  (215) 884-2491
                  mgottesfeld@winebrakelaw.com

                  Harold Lichten (Mass. BBO # 549689)*
                  Peter M. Delano (Mass. BBO # 685079)*
                  LICHTEN & LISS-RIORDAN, P.C.
                  729 Boylston St., Suite 2000
                  Boston, MA 02116
                  Telephone: (617) 994-5800
                  Facsimile: (617) 994-5801
                  hlichten@llrlaw.com
                  pdelano@llrlaw.com

                  *Attorneys for Plaintiffs*
                  *and the Proposed Classes*

                  **Application for Pro Hac Vice Admission*
                  *to be Filed*

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, AND MARYANN SONNETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAMI PRODUCTS, INC., MICHAEL DION, and LARRY DION,<br><br>Defendants. | Civ. A. No. _____<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY DEMANDED |

## OPT-IN CONSENT FORM

1. I have worked as a merchandiser for Lami Products, Inc. and its owners and executives. I worked there from about _10/2012_ until about _3/2015_.

2. I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief). I consent to be become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement, or resolution of those claims.

3. I designate Harold Lichten of Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts, and David Rothstein of Rothstein Law Firm, 514 Pettigru Street, Greenville, South Carolina, to represent me for all purposes in this lawsuit.

Signature: _[signed]_   Date: _10/26/2015_
Name Printed: _DONALD G. CIKRA_   DOB: _1/25/1943_
Address: _6820 Creek Ridge Rd_   Phone: _910-470-6204_
_Wilmington, NC 28411_   Email: _DARKIS156@YAHOO.COM_

Page 1 of 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, AND MARYANN SONNETT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LAMI PRODUCTS, INC., MICHAEL DION, and LARRY DION, <br><br> Defendants. | Civ. A. No. _____ <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT <br><br> JURY DEMANDED |

## OPT-IN CONSENT FORM

1. I have worked as a merchandiser for Lami Products, Inc. and its owners and executives. I worked there from about 2/12 _____ until about 7/15 _____.

2. I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief). I consent to be become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement, or resolution of those claims.

3. I designate Harold Lichten of Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts, and David Rothstein of Rothstein Law Firm, 514 Pettigru Street, Greenville, South Carolina, to represent me for all purposes in this lawsuit.

Signature: *Maryann Sonnett* (DocuSigned by: 43C9448677C341E...)

Name Printed: Maryann Sonnett

Address: 6820 Creek Ridge Rd

Wilmington, NC. 28411

Date: 10/27/2015 | 1:02 PM ET

DOB: 6/15/54

Phone: 910-470-6204

Email: msonnett@ec.rr.com

Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, AND MARYANN SONNETT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LAMI PRODUCTS, INC., MICHAEL DION, and LARRY DION, <br><br> Defendants. | Civ. A. No. _____ <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT <br><br> JURY DEMANDED |

## OPT-IN CONSENT FORM

1. I have worked as a merchandiser for Lami Products, Inc. and its owners and executives. I worked there from about __11/09/11__ until about __11/16/2012__.

2. I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief). I consent to be become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement, or resolution of those claims.

3. I designate Harold Lichten of Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts, and David Rothstein of Rothstein Law Firm, 514 Pettigru Street, Greenville, South Carolina, to represent me for all purposes in this lawsuit.

Signature: _Colleen Carlock_ (DocuSigned by) Date: 11/2/2015 | 9:57 PM ET
Name Printed: Judy C. Carlock          DOB: 12/05/1962
Address: 127 Wheeler Road              Phone: 843-597-0538
         Summerville, SC 29486          Email: colleencarlock@yahoo.com

Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD CIKRA, AND MARYANN )
SONNETT, on behalf of themselves )
and all others similarly situated, )
)
    Plaintiffs, )   Civ. A. No. _____
)
v. )
)   COLLECTIVE AND CLASS
LAMI PRODUCTS, INC., MICHAEL DION, )   ACTION COMPLAINT
and LARRY DION, )
)   JURY DEMANDED
    Defendants. )

## OPT-IN CONSENT FORM

1. I have worked as a merchandiser for Lami Products, Inc. and its owners and executives. I worked there from about  March 2014  until about August 2015 .

2. I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief). I consent to be become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement, or resolution of those claims.

3. I designate Harold Lichten of Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts, and David Rothstein of Rothstein Law Firm, 514 Pettigru Street, Greenville, South Carolina, to represent me for all purposes in this lawsuit.

Signature: *Gail Richmond* (DocuSigned)
Name Printed: Gail Richmond
Address: 3701 NYMUE Point Apt. 106
Wilmington NC 28403

Date: 10/31/2015 | 2:29 PM ET
DOB: May 1, 1956
Phone: 314-603-4448
Email: richmondgail51@gmail.com

Page 1 of 1

Case 2:15-cv-06166-WB   Document 1   Filed 11/17/15   Page 19 of 20

DocuSign Envelope ID: 1CBCA559-5094-40A0-B7E5-AB36CF1220C5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, AND MARYANN SONNETT, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>LAMI PRODUCTS, INC., MICHAEL DION, and LARRY DION,<br><br>  Defendants. | Civ. A. No. _____<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY DEMANDED |

**OPT-IN CONSENT FORM**

1. I have worked as a merchandiser for Lami Products, Inc. and its owners and executives. I worked there from about  01/21/2015  until about  07/01/2015 .

2. I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief). I consent to be become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement, or resolution of those claims.

3. I designate Harold Lichten of Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts, and David Rothstein of Rothstein Law Firm, 514 Pettigru Street, Greenville, South Carolina, to represent me for all purposes in this lawsuit.

Signature: *Caralee Brush* (DocuSigned, 434534DA9AD1487)
Name Printed: Caralee K Brush
Address: 5116 Western Blvd Apt 1018
Jacksonville, NC 28546

Date: 11/4/2015 | 2:34 PM ET
DOB: 10/17/1991
Phone: 5733103051
Email: caraleecrowe@gmail.com

Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, AND MARYANN SONNETT, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Civ. A. No. _____ |
| v. ) ) | |
| LAMI PRODUCTS, INC., MICHAEL DION, and LARRY DION, ) ) ) | COLLECTIVE AND CLASS ACTION COMPLAINT |
| Defendants. ) ) | JURY DEMANDED |

## OPT-IN CONSENT FORM

1. I have worked as a merchandiser for Lami Products, Inc. and its owners and executives. I worked there from about  September 20, 2013  until about  present  .

2. I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief). I consent to be become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement, or resolution of those claims.

3. I designate Harold Lichten of Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, Massachusetts, and David Rothstein of Rothstein Law Firm, 514 Pettigru Street, Greenville, South Carolina, to represent me for all purposes in this lawsuit.

Signature: _Mary Hurtado_ (DocuSigned)
Name Printed: Mary Hurtado
Address: 1456 Lee Pearson Road
Granite Falls, NC 28630

Date: 10/27/2015 | 5:22 PM ET
DOB: April 10, 1964
Phone: 828-728-7023
Email: marystarhurtado@gmail.com

Page 1 of 1