IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD CIKRA, *et al.* | : | |
| | Plaintiffs, | : 2:15-cv-06166-WB |
| v. | : | |
| | : | |
| LAMI PRODUCTS, LLC | : | |
| | Defendant. | : |
| | : | |

## CLASS/COLLECTIVE ACTION SETTLEMENT AGREEMENT

Plaintiffs (as defined below) and Defendant (as defined below) STIPULATE and

AGREE as follows:

**1.      Definitions.**  The following terms have the following meanings:

**"Administrator"** means Strategic Claims Services, 600 North Jackson Street, Suite 3,

Media, PA 19063.

**"Action"** means the above-captioned class action lawsuit.

**"Agreement"** means this "Class/Collective Action Settlement Agreement."

**"Claim Form"** means the document attached as Exhibit B.

**"Claimants"** means all Class Members who return a timely Claim Form pursuant to

Paragraph 9 and the instructions in the Notice Form.

**"Class Counsel"** means Winebrake & Santillo, LLC and Lichten & Liss-Riordan, P.C.

**"Class Members"** means all individuals employed by Defendant in the United States as

Merchandisers during the Class Period.

**"Class Period"** means the time period between November 17, 2012 and May 14, 2016.

**"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**"Credited Work Hour"** means each hour during the Class Period for which a Class Member was actually paid according to the payroll data maintained by Defendant and provided to Class Counsel in discovery.

**"Defendant"** means LaMi Products, LLC.

**"Defense Counsel"** means Semanoff Ormsby Greenberg & Torchia, LLC.

**"Effective Date"** means the later of (a) thirty-one (31) calendar days after the Final Approval Date or (b) if the Court's final approval order is the subject of an appeal and upheld on appeal, one day after the final resolution of the appeal.

**"Final Approval Date"** means the date on which the Court enters an order granting final approval of the Settlement.

**"Net Settlement Amount"** means $1,550,000 *minus* any Court-approved service awards *minus* any Court-approved attorney's fees and expenses.

**"Notice Form"** means the document attached as Exhibit A.

**"Notice Package"** means the documents to be mailed by Class Counsel to the Class Members pursuant to Paragraph 6 and containing a Notice Form, a Claim Form, and a return envelope bearing Class Counsel's mailing address.

**"Parties"** refers jointly to Plaintiffs and Defendant.

**"Payout Amount"** means, for each Claimant, the amount arrived at through the following formula: **{$50}** *plus* **{[(Net Settlement Amount)** *minus* **(Claimants X $50 )]** *multiplied by* **[(Payment Points Awarded to Individual Claimant)** *divided by* **(Total Payment Points Awarded to All Claimants)]}**.  For purposes of this formula, each Claimant will be awarded Payment Points for each Credited Work Hour during each week within the Class Period as follows:  (a) 1 Payment Point will be awarded for each Credited Work Hour up to 35 hours; (b)

1.5 Payment Points will be awarded for the 36th and 37th Credited Work Hour; (c) 2 Payment Points will be awarded for the 38th and 39th Credited Work Hour; and (d) 3 Payment Points will be awarded for each Credited Work Hour over 40.

**"Plaintiffs"** means Donald Cikra, Maryann Sonnett, Colleen Carlock, Gail Richmond, Caralee Brush, and Mary Hurtado.

**"Preliminary Approval Date"** means the date on which the Court enters the order preliminarily approving this Settlement.

**"Released Parties"** means Defendant and any of its parents, franchisors, partners, subsidiaries, affiliates, affiliated or related companies (including but not limited to LaMi Products, LLC), owners, officers, members, agents, employees, successors, heirs, administrators, executors, partners, assigns, and all past, present, or future representatives and predecessors, representatives, or other persons or entities acting on its behalf.

**"Settlement"** means the terms and conditions described in this Agreement.

1.      **Maximum Settlement Amount.**  Defendant's total payment under this Settlement will not under any circumstances exceed $1,550,000.  Defendant will pay this entire $1,550,000 amount to the Administrator within 3 business days after the Effective Date.

2.      **Condition Precedent.**  This Settlement is conditioned on the passage of the Effective Date.

3.      **Amended Complaint.**  Within 3 business days of the execution of this Agreement, Class Counsel will file with the Court an amended complaint that expands the Civil Rule 23 class to include all Class Members.  The parties will enter into a stipulation permitting the filing of such amended complaint pursuant to Civil Rule 15(a)(2).  The stipulation shall include a provision that the Amended Complaint shall be withdrawn by Plaintiffs if the Court does not approve the settlement, in which case the Parties' litigation positions will return to the

*status quo ante*.

**4**.      **Release.**  Upon passage of the Effective Date, all Class Members who have not excluded themselves from the Settlement pursuant to Paragraph 8 release and forever discharge the Released Parties from all legal or equitable claims, including but not limited to attorneys' fees and costs, arising during the Class Period and alleging the non-payment of minimum, regular, or overtime wages and/or expenses under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory *other than* the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  In addition, all Claimants release and forever discharge the Released Parties from all such claims arising under the FLSA.

**5.**      **Preliminary Approval Motion.**  No later than 5 business days after the execution of this Agreement, Class Counsel will file with the Court an unopposed motion seeking entry of an order certifying a Rule 23 settlement class comprised of all Class Members, conditionally certifying an FLSA collective comprised of all Class Members, preliminarily approving the Settlement, authorizing the notice and claim protocols described herein, and scheduling a final approval hearing.

**6.**      **Class Notice.**  No later than 3 business days after the execution of this Agreement, Defendant will provide to Class Counsel an Excel spreadsheet listing each Class Member's last known residential address, email address, and phone number.  No later than 5 business days after the Preliminary Approval Date, Class Counsel will mail the Notice Package to each Class Member.  If the Postal Service returns any Notice Package with a forwarding address, Class Counsel will promptly re-mail the Notice Package to the forwarding address.  If

the Postal Service returns any Notice Package without a forwarding address, Class Counsel will make all good faith and reasonable efforts to obtain the Class Member's current mailing address and will promptly re-mail the Notice Package to any updated address.  No later than 70 calendar days after the Preliminary Approval Date, Class Counsel will file with the Court all timely and completed Claim Forms.

7.      **Objections.**  Class Members desiring to object to the Settlement must do so in writing in the manner described in the Notice Form.  All objections must be postmarked on or before 63 calendar days after the Preliminary Approval Date.  Class Counsel will file all written objections with the Court no later that 70 calendar days after the Preliminary Approval Date.

8.      **Exclusion from Settlement.**  Class Members desiring to exclude themselves from the Settlement must do so in writing in the manner described in the Notice Form.  All exclusion requests must be postmarked on or before 63 calendar days after the Preliminary Approval Date.  Class Counsel will file all exclusion requests with the Court no later than 70 calendar days after the Preliminary Approval Date.  Class Members who submit timely exclusion requests are not bound by or subject to the Settlement.

9.      **Payments to Participating Class Members.**  In order to be considered a Claimant and recover a monetary settlement payment, Class Members other than Plaintiffs must complete and return a Claim Form to Class Counsel in an envelope postmarked on or before 63 calendar days after the Preliminary Approval Date.  Within 10 business days after the Effective Date, the Administrator will mail to each Claimant (a) a payroll check in the gross amount of his/her Payout Amount, from which the Administrator will withhold all applicable federal, state, and local taxes and withholdings ordinarily borne by both employees and employers and (b) an

IRS W-2 Form reflecting such payment.[1]  If any settlement check or replacement settlement check remains uncashed 120 calendar days after the Effective Date, the Administrator will stop payment on the check and donate any associated funds to the Pennsylvania IOLTA Board.

**10.     Payment of Service Award.**  Plaintiffs will seek (and Defendant will not oppose) service awards totaling $35,000 to be distributed amongst the Plaintiffs as follows: Donald Cikra - $12,500; Maryann Sonnett - $12,500; Colleen Carlock - $2,500; Gail Richmond - $2,500; Caralee Brush - $2,500; and Mary Hurtado - $2,500.  The Settlement is ***not*** contingent on the Court's approval of such service awards.  Within 10 business days after the Effective Date, the Administrator will mail to each Plaintiff (a) a non-payroll check made payable him/her and equaling his Court-approved service award and (b) an IRS 1099 Form reflecting such payment.  Each Plaintiff is solely responsible for the payment of any taxes associated with his/her service award payment.

**11.     Payment of Attorney's Fees and Expenses.**  Class Counsel will seek (and Defendant will not oppose) Court approval of fees and expenses of $465,000.  The Settlement is ***not*** contingent upon the Court's approval of this amount.  Within 10 business days after the Effective Date, the Administrator will mail to Class Counsel (a) a non-payroll check made payable to Class Counsel and equaling any Court-approved fees and expenses and (b) an IRS 1099 Form reflecting the payment.  Class Counsel is solely responsible for the payment of any taxes associated with the payment.

**12.     Payment of Administrator's Fees and Expenses**.  Class Counsel is solely responsible for the payment of all fees and expenses charged by the Administrator.

---

[1]   To facilitate this process, no later that 84 calendar days after the Preliminary Approval Date, Defendant will provide to the Administrator (but not Class Counsel) each Claimant's social security number pursuant to a confidentiality agreement to be drafted by Defense Counsel and executed by the Administrator.

13.     **Final Approval Motion.**  Within 77 calendar days of the Preliminary Approval Date, Class Counsel will file with the Court an unopposed motion seeking entry of an order granting final approval of the Settlement, the service awards, and the attorney's fees and expenses, and dismissing the Action with prejudice.

14.     **Entire Agreement.**  This Agreement supersedes any and all agreements by, between, and among the Parties and embodies the entire agreement between the Parties and controls over any prior communications regarding the Settlement.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

15.     **Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

16.     **No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendant denies any wrongdoing and continues to assert that, absent this Settlement, they ultimately would prevail in the Action.

17.     **Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiff's claims or the propriety of class-wide litigation.

18.     **Duty to Defend.**  The Parties and their counsel will support the Agreement against any legal challenge.

19.     **Warranty of Authority.**  Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

20.     **Evidentiary Privilege.**  This Agreement and all associated negotiations are

- 7 -

DocuSign Envelope ID: 6AEC25FE-4878-4C0F-9E2E-2A489CDE258F

covered by Federal Rule of Evidence 408.

**21.    Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law without regard to its conflict of laws provisions.

**22.    Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

23.    **Jurisdiction.** The Court, specifically The Honorable Wendy Beetlestone or her designee, retains jurisdiction over any dispute or necessary interpretation of this Agreement or procedure thereunder.

24.    **Confidentiality.** Although this Agreement is not confidential, Plaintiffs will not voluntarily disclose or publish this Agreement or the terms contained herein to anyone except their respective spouses, accountants, attorneys, heirs, successors or assigns.

**25.    Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_Don Cikra_
DocuSigned by:
F28D5D0677A54F1...                              5/22/2016 | 2:45 PM ET
Donald Cikra                                    Date


Maryann Sonnett                                 Date


Colleen Carlock                                 Date


Gail Richmond                                   Date


Caralee Brush                                   Date

covered by Federal Rule of Evidence 408.

    **21.**    **Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law without regard to its conflict of laws provisions.

    **22.**    **Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

    23.    **Jurisdiction.**  The Court, specifically The Honorable Wendy Beetlestone or her designee, retains jurisdiction over any dispute or necessary interpretation of this Agreement or procedure thereunder.

    **24.**    **Confidentiality.**  Although this Agreement is not confidential, Plaintiffs will not voluntarily disclose or publish this Agreement or the terms contained herein to anyone except their respective spouses, accountants, attorneys, heirs, successors or assigns.

    **25.**    **Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

    **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

Donald Cikra

*Maryann Sonnett* — DocuSigned by:

Maryann Sonnett

Colleen Carlock

Gail Richmond

Caralee Brush

Date

Date   5/22/2016 | 2:46 PM ET

Date

Date

Date

covered by Federal Rule of Evidence 408.

**21.     Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law without regard to its conflict of laws provisions.

**22.     Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

23.     **Jurisdiction.**  The Court, specifically The Honorable Wendy Beetlestone or her designee, retains jurisdiction over any dispute or necessary interpretation of this Agreement or procedure thereunder.

**24.     Confidentiality.**  Although this Agreement is not confidential, Plaintiffs will not voluntarily disclose or publish this Agreement or the terms contained herein to anyone except their respective spouses, accountants, attorneys, heirs, successors or assigns.

**25.     Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Donald Cikra                                      Date

_____          _____
Maryann Sonnett                                 Date

*Colleen Carlock*                                   5/25/2016 | 12:04 AM ET
_____          _____
Colleen Carlock                                   Date

_____          _____
Gail Richmond                                     Date

_____          _____
Caralee Brush                                     Date

covered by Federal Rule of Evidence 408.

**21.    Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law without regard to its conflict of laws provisions.

**22.    Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

23.    **Jurisdiction.**  The Court, specifically The Honorable Wendy Beetlestone or her designee, retains jurisdiction over any dispute or necessary interpretation of this Agreement or procedure thereunder.

24.    **Confidentiality.**  Although this Agreement is not confidential, Plaintiffs will not voluntarily disclose or publish this Agreement or the terms contained herein to anyone except their respective spouses, accountants, attorneys, heirs, successors or assigns.

**25.    Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

| | |
|---|---|
| _____ | _____ |
| Donald Cikra | Date |
| _____ | _____ |
| Maryann Sonnett | Date |
| _____ | _____ |
| Colleen Carlock | Date |

*Gail Richmond*
191097327134E0...

| | |
|---|---|
| Gail Richmond | 5/22/2016  |  10:18 AM ET |
| | Date |
| _____ | _____ |
| Caralee Brush | Date |

- 8 -

covered by Federal Rule of Evidence 408.

    **21.**    **Applicable Law.**  This Agreement is governed and construed pursuant to Pennsylvania law without regard to its conflict of laws provisions.

    **22.**    **Written Modifications.**  This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

    23.    **Jurisdiction.**  The Court, specifically The Honorable Wendy Beetlestone or her designee, retains jurisdiction over any dispute or necessary interpretation of this Agreement or procedure thereunder.

    24.    **Confidentiality.**  Although this Agreement is not confidential, Plaintiffs will not voluntarily disclose or publish this Agreement or the terms contained herein to anyone except their respective spouses, accountants, attorneys, heirs, successors or assigns.

    **25.**    **Execution.**  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

    **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____        _____
Donald Cikra                                Date

_____        _____
Maryann Sonnett                           Date

_____        _____
Colleen Carlock                            Date

_____        _____
Gail Richmond                            Date

*Caralee Brush*
—434534DA9AD1467—                5/20/2016 | 2:03 PM ET
Caralee Brush                            Date

DocuSign Envelope ID: 74D15BC3-A2A8-48C1-9132-113AB7CA81EF

DocuSigned by:

*Mary Hurtado*

10897775026141E...

_____          _____
Mary Hurtado                                        Date


_____          _____
For Class Counsel                                   Date


_____          _____
For Defendant                                        Date


_____          _____
For Defense Counsel                               Date

Mary Hurtado
_____

_____
For Class Counsel

_____
For Defendant

_____
For Defense Counsel

Date
_____
5/25/16
Date
_____
5/19/16
Date
_____
5/19/16
Date

- 9 -

# Exhibit A

## NOTICE OF SETTLEMENT

*Donald Cikra, et al. v. LaMi Products, LLC,* 2:15-cv-06166-WB
United States District Court, Eastern District of Pennsylvania

**TO:**     [*INSERT NAME*]

**YOU ARE COVERED BY THE SETTLEMENT OF THIS CLASS/COLLECTIVE ACTION LAWSUIT.**

**THE UNITED STATES DISTRICT COURT HAS AUTHORIZED THIS NOTICE, WHICH SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS.**

**PLEASE READ THIS DOCUMENT CAREFULLY.**

| **1.      What is the Lawsuit About?** |
| --- |

The United States District Court for the Eastern District of Pennsylvania ("the Court") presides over this lawsuit, which was filed in November 2015 against LaMi Products, LLC ("LaMi") by six former employees who were Merchandisers.

The lawsuit alleges that LaMi failed to pay Merchandisers for all time spent working.  The lawsuit seeks to recover wages for allegedly unpaid time spent in the following activities: traveling between stores; working in stores beyond the pre-scheduled hours; packaging/shipping excess inventory; and completing paperwork.

LaMi asserts that the lawsuit lacks merit.  According to LaMi, Merchandisers are paid for all time spent working.  In fact, LaMi contends that during many weeks, Merchandisers are paid for more hours than they actually spend working.

The Lawsuit is limited to the time period between November 17, 2012 and May 14, 2016.

| **2.      Why is there a settlement?** |
| --- |

The Court has not yet decided who will win the lawsuit, so both the Merchandisers and LaMi run the risk of losing.

***The settlement is a compromise***.  It allows the parties to avoid the costs and risks of further litigation and enables Merchandisers to recover a money payment without additional delay.

In reaching this settlement, LaMi has ***not*** admitted that it violated any laws.

| **3.      What does the settlement provide?** |
| --- |

The Court will decide whether to approve the settlement as fair and reasonable.  If the Court approves the settlement, a total amount of $1,550,000 will be distributed as follows: (i) $1,050,000 will be shared by all Merchandisers who return the enclosed Claim Form; (ii) $35,000 in bonus payments will be shared by the six Merchandisers who started the lawsuit; and (iii) $465,000 will be paid to the Merchandisers' lawyers.

As discussed in Section 4 below, you can recover your settlement share by **completing and returning the enclosed Claim Form.**  If you return a Claim Form, your individual share of $1,050,000 will be determined based on your total payroll hours between November 17, 2012 and May 14, 2016.  Generally speaking, Merchandisers who worked many hours during this period will recover a greater share of the $1,050,000 than Merchandisers who worked few hours.  In addition, the applicable payment formula gives extra credit for payroll hours that approached or exceeded the 40 hour per week overtime pay threshold.

Every Merchandiser who returns a timely Claim Form is guaranteed a $50 payment *plus* an additional payment based on his/her credited payroll hours between November 17, 2012 and May 14, 2016.  As stated above, the amount of your additional payment will depend on the following three factors: (i) how many of the [*insert number of Class Members*] Merchandisers covered by this lawsuit return Claim Forms; (ii) the total number of hours you worked between November 17, 2012 and May 14, 2016; and (iii) how many of your total work hours approached or exceeded the 40 hour overtime threshold.

The Merchandisers' lawyers expect that, if 75% of the Merchandisers return Claim Forms, each participating Merchandiser can expect to recover an ***average*** additional payment of $[*insert*] for *each week* worked between November 17, 2012 and May 14, 2016.  But this is just an average.  Part-time Merchandisers who worked few hours per week can expect a lower weekly payment amount, while full-time Merchandisers who often worked over 35 hours per week can expect a higher weekly payment amount.

Please call the law firms listed in Section 5 below if you have any questions about the manner in which your settlement payment will be determined.  All conversations will be strictly confidential.

Finally, because the settlement payment represents wages, it will be reduced to account for taxes and withholdings ordinarily incurred by both employers and employees.

| **4.** | **What are my options, and what legal claims do I give up?** |
|---|---|

Under the settlement, you must choose one of the following three options:

**Option 1 – Complete and Return the Enclosed Form by the [*insert*] Postmark Deadline:**  You will find enclosed a Claim Form along with a postage-paid return envelope.  If you complete and return this Form by the [*insert*] postmark deadline and the Court approves the settlement, you will be eligible to recover a settlement payment.  As indicated on the Claim Form, you will waive all legal claims against LaMi arising between November 17, 2012 and May 14, 2016 and alleging the non-payment of minimum, regular, or overtime wages and/or expenses under any federal, state, or local statute, regulation, rule, or common law theory.  The Claim Form must be mailed to:  LaMi Wage Lawsuit, c/o Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, MA  02116.  A postage-paid envelope bearing this address is enclosed.

**Option 2 – Do Nothing:**  If you do nothing and the Court approves the settlement, you will not receive any settlement payment.  You will be free to pursue your own legal claim against LaMi alleging violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  However, you will waive all other legal claims against LaMi arising between November 17, 2012 and May 14, 2016, and alleging the non-payment of minimum, regular, or overtime wages and/or expenses under any federal, state, or local statute, regulation, rule, or common law theory.

**Option 3 – Exclude Yourself from the Settlement:**  If you do not want to participate in or be covered by the settlement, you must prepare a note or letter simply stating:  "I wish to be excluded from the LaMi Wage Lawsuit."  The letter or note may be typed or handwritten.  Be sure to include your signature, name, address,

and telephone number.  To be valid, your exclusion request must be postmarked no later than [***insert***] and be mailed to:  LaMi Wage Lawsuit, c/o Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, MA  02116.  You may use the enclosed postage-paid envelope to mail your exclusion request.  Importantly, if you exclude yourself from the settlement, you will not receive any settlement payment, you will not be legally bound by the settlement, and you will not waive or release any legal claims against LaMi.

| **5.** | **Do I have a lawyer?** |
|---|---|

The Merchandisers are represented by two law firms:  (i) **Winebrake & Santillo, LLC**, 715 Twining Road, Suite 211, Dresher, PA 19025; Phone (215) 884-2491; and (ii) **Lichten & Liss-Riordan, P.C.**, 729 Boylston Street, Suite 2000, Boston, MA  02116; Phone (617) 994-5800.

Lawyers from these firms will answer your questions about the lawsuit and settlement free of charge and in strict confidence.  If you call either firm, please identify yourself as a "Class Member" in the "LaMi Wage Lawsuit" and ask to speak with one of the assigned lawyers.

| **6.** | **How do the lawyers get paid?** |
|---|---|

The law firms identified in Section 5 above have worked on this lawsuit since the beginning without being paid. Under the settlement, the firms will ask the Court to approve fees and expenses totaling $465,000.  After this amount is reduced to account for expenses, the resulting fee will equal approximately 28% of the total $1.55 million value of the settlement.  You will ***not*** pay any legal fees or expenses out of your individual settlement payment.

| **7.** | **How can I object to the settlement?** |
|---|---|

Even if you return a Claim Form, you may object to the settlement if you believe it is unfair or should not be approved.  The Court will consider your objection in deciding whether to approve the settlement.

To object to the settlement, you must prepare a letter or note stating that you object to the settlement in the "LaMi Wage Lawsuit."  The letter or note may be handwritten.  Be sure to include your signature, full name, address, and telephone number.  Also, to the best of your ability, describe all the reasons why you object to the settlement.  Your written objection will be provided to the Court.

To be valid, your objection ***must be postmarked on or before*** [***insert***] and must be mailed to:  LaMi Wage Lawsuit, c/o Lichten & Liss-Riordan, P.C., 729 Boylston Street, Suite 2000, Boston, MA  02116.  You may use the enclosed postage-paid envelope to mail your exclusion request.

| **8.** | **When and where will the Court decide whether to approve the settlement?** |
|---|---|

The Court will hold a hearing to decide whether to approve the settlement.  You are not required or expected to attend that hearing, however, you are very welcome to attend.

The hearing will take place on [*insert*], 2016 at [*insert*] in Courtroom [*insert*] of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

During the hearing, the Court will consider whether the settlement should be approved as fair and reasonable. The Court also will consider all written objections to the settlement and will hear from any Class Members (or their legal representatives) who wish to be heard.

| **9.** | **How do I obtain more information?** |
|---|---|

This Notice summarizes the most important aspects of the proposed settlement.  You can obtain further information by calling the law firm listed in Section 5 above.

Dated:  [*insert*], 2016                    Approved:      <u>Hon. Wendy Beetlestone</u>
                                                                    United States District Court
                                                                    Eastern District of Pennsylvania

4

# Exhibit B

<u>**CLAIM FORM**</u>

*Donald Cikra, et al. v. LaMi Products, LLC, 2:15-cv-06166-WB*
*United States District Court, Eastern District of Pennsylvania*

As instructed in Section 4 of the accompanying "Notice of Settlement," please complete this Form and mail it (preferably in the enclosed envelope) so that it is postmarked no later than **[*insert*]** to:

> **LaMi Wage Lawsuit**
> **c/o Lichten & Liss-Riordan, P.C.**
> **729 Boylston Street, Suite 2000**
> **Boston, MA  02116**

**Your Name:**      _____
(as it appeared when     **Print CLEARLY**
you worked for LaMi)

**Street/P.O. Box:**     _____

**City/State/Zip:**     _____

**Primary Phone:**     _____

**Email Address:**     _____

**Please read the following carefully.** You should contact Winebrake & Santillo, LLC (215-884-2491) or Lichten & Liss-Riordan, P.C. (617-994-5800) or any other attorney of your choice if you have any questions or desire any additional information.

1. I have read and understand the accompanying Notice of Settlement addressed to me and summarizing the settlement of this action. I consent and agree to settle my legal claims against LaMi Products, LLC and all of its affiliated or related companies, owners, officers, members, agents, employees, successors, heirs, administrators, executors, partners, assigns, and all past, present, or future representatives and predecessors (collectively "LaMi") under the terms described in the Notice.

2. I consent and agree, pursuant to 29 U.S.C. § 216(b), to become a party to this action and to be bound by all Court orders relating to the action and the settlement of the action.

3. I understand that the action has been settled. I desire to fully participate in the settlement and to receive my settlement payment as described in the accompanying Notice of Settlement.

4. I understand that, by signing and returning this form, I forever release and discharge LaMi (as defined in Paragraph 1 above) from all legal claims arising between November 17, 2012 and May 14, 2016 and alleging the non-payment of minimum, regular, or overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

_____          _____
**Date**                                  **Signature**