IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD CIKRA, et al. <br>                           Plaintiffs, <br> v. <br> LAMI PRODUCTS, LLC <br>                           Defendant. | 2:15-cv-06166-WB |

FILED
NOV 10 2016
LUCY V. CHIN, Interim Clerk
By _____Dep. Clerk

## ORDER

AND NOW, this 10th day of November, 2016, upon consideration of Plaintiffs' "Unopposed Motion for Approval of the Class/Collective Action Settlement and Related Relief" ("Motion") (Doc. 39), the accompanying "Class/Collective Action Settlement Agreement" ("Agreement") (Doc. 39-3), the accompanying declarations (Docs. 39-4 through 39-7), the accompanying Memorandum of Law (Doc. 40), and all other papers and proceedings herein, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The settlement of this class/collective action, on a class-wide basis, is **APPROVED** as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.[1] The settlement, as set forth in the Agreement, is entitled to a presumption of reasonableness because, inter alia, (a) the negotiations occurred at arms length; (b) there was sufficient discovery; (c) the proponents of the settlement are experienced in similar litigation; and (d) only a small fraction of the class objected. In re: Cendant Corp. Litig., 264 F.3d 201, 232 n. 18 (3d Cir. 2001). Moreover, consideration of the

---

[1] The settlement does not apply to or bind Elizabeth Ford, Patricia Leonard, Cynthia Lygrisse, Regina Martinelli, Debra Siroky, and Barbara Unruh, each of whom has excluded herself from the settlement. See Doc. 39-4.

following factors – as described in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975); <u>In re: Prudential Insurance Co. America Sales Practice Litig.</u>, 148 F.3d 283, 311 (3d Cir. 1998); and <u>In re Baby Products Antitrust Litig.</u>, 708 F.3d 163 (3d Cir. 2013) – weigh in favor of approval: (a) the complexity, expense and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceeding and the amount of the discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through trial; (g) the ability of defendant to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light of the best possible recovery; (i) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation; (j) the maturity of the underlying substantive issues; (k) the existence and probable outcome of claims by other classes and subclasses; (l) comparison between the results achieved by the settlement for individual class members and the results achieved or likely to be achieved for other claimants; and (m) the degree of direct benefit provided to the class.

3. The Court certifies, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), a class comprised of all individuals employed by LaMi Products, LLC in the United States as Merchandisers during any time between November 17, 2012 and May 14, 2016. With respect to this class, the Court finds that each of Rule 23(a)'s requirements – numerosity, commonality, typicality, and adequacy of representation – are satisfied. Furthermore, the Court finds, pursuant to Rule 23(b)(3), that common questions of law or fact "predominate over any questions affecting only individual members" and "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

4. The Court certifies, pursuant to 29 U.S.C. § 216(b), an FLSA collective comprised of all individuals who *both* have been employed by LaMi Products, LLC in the United

2

States as Merchandisers during any time between November 17, 2012 and May 14, 2016 *and* have joined this action by returning a timely Consent to Join form. Final certification of this FLSA collective is appropriate because such individuals are "similarly situated" based on the consideration of various factors, including: whether they have been employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same relief; and whether they have similar salaries and circumstances of employment.

5. The law firms of Winebrake & Santillo, LLC and Lichten & Liss-Riordan, P.C. are appointed Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(1).

6. The Court approves the requested service awards to the Plaintiffs in the following amounts: $12,500 to Donald Cikra; $12,500 to Maryann Sonnett; $2,500 to Colleen Carlock; $2,500 to Gail Richmond; $2,500 to Caralee Brush; and $2,500 to Mary Hurtado.

7. The Court approves, pursuant to Federal Rule of Civil Procedure 23(h), the requested payment of $465,000 to Class Counsel for attorney's fees and expenses. The Court finds the approximately $17,498 in expenses to be reasonable and necessary to the pursuit of this litigation and settlement. Moreover, the requested $447,502 attorney's fee recovery – which constitutes approximately 28.87% of the total $1,550,000 settlement fund and results in a 2.16 lodestar multiplier – is supported by the ten "Gunter/Prudential" factors described in In re Diet Drugs, 582 F.3d 524, 541 (3d Cir. 2009): (a) the size of the fund created and the number of persons benefited; (b) the absence of objections by members of the class; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiffs' counsel; (g) fee awards in similar cases; (h) the value of benefits attributable to the efforts of class counsel

3

relative to the efforts of other groups, such as government agencies conducting investigations; (i) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (j) any innovative terms of the settlement.

8. The settling parties must carry out the settlement in accordance with the terms of the Agreement.

9. This action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order.

SO ORDERED:

_____
HON. WENDY BEETLESTONE.
United States District Judge